UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH EDWARD
GROSKREUTZ, JR.,

        Plaintiff,

    v.                                      Case No. 25-CV-1153

AGROPUR INC.,

        Defendant.

## DECISION AND ORDER

Kenneth Groskreutz, proceeding *pro se*, filed this action against Agropur Inc. for wrongful termination and retaliation. Agropur now brings a second motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Agropur initially filed a motion to dismiss for improper service of process. (ECF No. 12). This was denied because the court previously extended the time for service. (ECF No. 9.) Agropur then filed a motion for a more definite statement, asking the court to order Groskreutz to amend his complaint to "specifically… [state claims] in consecutively numbered paragraphs limited to a single set of circumstances." (ECF No. 14 at 1.) The court dismissed this motion as moot (ECF No. 16) as Groskreutz filed an amended complaint with numbered paragraphs the next day. (ECF No 15.) Agropur now returns with its second motion for a more definite statement, as well as a motion to strike for what it calls "improper allegations." (ECF No. 17 at 1.)

I. Analysis

Generally, federal notice pleading rules require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

a. **Motion for More Definite Statement**

Agropur claims it cannot reasonably understand Groskreutz's claims nor prepare a meaningful response. (ECF No. 17 at 1.) If a defendant finds the pleading to be so vague or ambiguous that it "cannot reasonably prepare a response," it may move for a more definite statement under Rule 12(e). This rule allows district courts to ask a plaintiff to provide "details that enable the defendants to respond intelligently and the court to handle the litigation effectively." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017).

But granting such motions is disfavored. *See, e.g., Quinones v. REV Renegade, LLC*, No. 1:25-CV-182-PPS-JEM, 2025 WL 2459269, at *6 (N.D. Ind. Aug. 25, 2025). A Rule 12(e) motion should be reserved for complaints that are unintelligible, not those simply lacking in detail. *Mollet v. St. Joseph's Hosp. Breese*, No. 16-CV-0293-MJR-DGW, 2017 WL 1035750, at *3 (S.D. Ill. Mar. 17, 2017); *see also Couponcabin*

*LLC v. Savings.com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826, at *8 (N.D. Ind. June 8, 2016) (collecting cases). It is within the court's discretion whether to order a party to provide a more definite statement. *Davis v. Deep Rock Energy Corp.*, No. 19-CV-270-JPG-GCS, 2019 WL 2162086, at *1 (S.D. Ill. May 17, 2019).

Having reviewed Groskreutz's amended complaint, the pleading is not so unintelligible that a more definite statement is necessary for Agropur to reasonably prepare a response. Groskreutz has said enough at this stage to give defendant fair notice of a claim. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) ("Rule 12(e) cannot be used to turn federal civil procedure into a fact-pleading or code-pleading system.") Any confusion as to the dates or actors can be clarified in discovery. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017) ("A full description of the facts that will prove the plaintiff's claim comes later"); *Signature Flight Support LLC v. Johnson Controls, Inc.,* 759 F. Supp. 3d 912, 916 (E.D. Wis. 2024) ("The usual way for a defendant to find out more about an adequately pleaded claim is to take discovery."); *Davis v. Deep Rock Energy Corp.*, No. 19-CV-270-JPG-GCS, 2019 WL 2162086, at *1 (S.D. Ill. May 17, 2019) (""Discovery is a more appropriate vehicle for fleshing out the details of a case."); *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994) ("Rule 12(e) motions are not to be used as substitutions for discovery.").

### b. Motion to Strike

Agropur alternatively asks the court to strike specific allegations that it feels are either immaterial, potentially prejudicial, or fails to state a claim. Fed. R. Civ. P.

12(f) permits the court to strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Motions to strike are also disfavored. *See Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007) ("Motions to strike sentences or sections out of briefs waste everyone's time."). They should "generally be denied unless the portion of the pleading at issue is prejudicial." *Williamson v. Herzing Univ.*, No. 25-CV-497-JPS, 2025 WL 1650372, at *1 (E.D. Wis. June 11, 2025) (citations omitted); *see also Peterson v. Great Midwest Bank*, No. 25-C-1386, 2025 WL 3485688, at *1 (E.D. Wis. Dec. 4, 2025) ("Indeed, a motion to strike will not be granted "unless the defect in the pleading causes some prejudice to the party bringing the motion.") (citation omitted); *Wilkins v. City of Chicago*, 736 F. Supp. 3d 616, 626 (N.D. Ill. 2024) ("A motion to strike should not be granted unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial.") (citations and quotation omitted). The court has "considerable discretion" in deciding a Rule 12(f) motion. *Delta Consulting Grp., Inc. v. R. Randle Constr.*, Inc., 554 F.3d 1133, 1141 (7th Cir. 2009).

Agropur does not explain in any way how it would be prejudiced if the allegations remain in the amended complaint. *See, e.g., Oswalt v. Rekeweg,* No. 117CV00278TLSSLC, 2017 WL 5151205, at *2 (N.D. Ind. Nov. 7, 2017) ("Defendants' failure to describe, with particularity, how it would be prejudiced [ ] is fatal to their motion to strike."). In fact, it does not even fully assert prejudice—Agropur hedges its argument by saying some allegations are "potentially prejudicial." (ECF No. 17.) Nor

4

does the court find that Groskreutz's allegations are so immaterial as to be prejudicial. *See MSR Tech. Grp., LLC v. VistalTech, Inc.,* No. 24-CV-03203, 2025 WL 1744730, at *3 (N.D. Ill. Mar. 17, 2025) ("Motions to strike are generally disfavored and require the movant to demonstrate that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial.") (internal quotations and citation omitted).

Agropur attempts to use this motion to strike to attack the sufficiency of Groskreutz's allegations. But this is improper. *Ehlerding v. Am. Mattress & Upholstery, Inc.*, 208 F. Supp. 3d 944, 951–52 (N.D. Ind. 2016) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of part of the complaint."); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading …, we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose."). Agropur has chosen to voice its objections through a Rule 12(f) motion, and the court will not sua sponte substitute a Rule 12(b)(6) analysis in its place. *Ehlerding* 208 F. Supp. 3d at 953.

## II. Conclusion

Agropur attempts to persuade the court—for the second time, no less—to order Groskreutz to file a more definite statement in the name of judicial efficiency. It further argues that its motion to strike will "serve to expedite the proceedings." (ECF

No. 17 at 13.) But both motions seem to effectuate the opposite. Granting either motion is disfavored, and Agropur has not met its burden in persuading the court otherwise. Accordingly,

**IT IS THEREFORE ORDERED** that Agropur's Motion for More Definite Statement, Motion to Strike (ECF No. 17) will be **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of December, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge