## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KENNETH EDWARD GROSKREUTZ, JR.,**

        **Plaintiff,**

        **v.**                        **Case No. 25-CV-1153**

**AGROPUR, INC.,**

        **Defendant.**

## DECISION AND ORDER

Kenneth Groskreutz brings this retaliation and wrongful termination action against his former employer Agropur, Inc. After the court denied Groskreutz's motion to amend the scheduling order (ECF No. 39), Groskreutz filed a motion to correct the record, a motion for reconsideration, and a motion for sanctions (ECF No. 41). For the reasons set forth below, Groskreutz's motion will be granted in part and denied in part.

### I.    Motion to Correct Record

Groskreutz's chief concern is that the record does not reflect that he did not agree to the schedule set forth in the January 2026 scheduling order. *See* ECF No. 26. Specifically, in a telephone conference on March 25, 2026, defense counsel stated that "we had all agreed" to the schedule. (ECF No. 40 at 3.) The court later concurred that "everyone agreed to the schedule." (ECF No. 40 at 6.)

Groskreutz further points to the drafting of Agropur's Rule 26(f) Discovery Plan, claiming that it "was drafted as if it were a joint submission" and included language like "the parties have agreed" and "the parties propose." (ECF No. 41 at 2.) But no such language exists in Agropur's filing. Rather, the very first paragraph of Agropur's proposed discovery plan makes clear that "the parties were unable to agree on any of the items" and that it was "submitting its own proposed Rule 26(f) report." (ECF No. 23 at 1.)

Given that the parties did not file a joint scheduling order, that Agropur specifically stated in its proposed Rule 26(f) plan that the parties did not agree, and that Groskreutz twice moved to amend the scheduling order, it seems clear in the record that Groskreutz did not agree to the proposed schedule. Nonetheless, Groskreutz's motion to correct the record will be granted to the limited extent it clarifies that he did not agree to the deadlines set out in the court's scheduling order. *See, e.g., Szymankiewicz v. Picard*, No. 04-C-186-C, 2005 U.S. Dist. LEXIS 14346, at *2-3 (W.D. Wis. July 7, 2005) (noting that although the court's misstatements were not central to the matter, "[n]evertheless, [the court] will make it clear for the record in this order").

## II.     Motion for Reconsideration

Groskreutz asks the court to reconsider the denial of his motion to shorten the discovery deadlines. "A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Bldg. Trades United Pension Tr. Fund v.*

2

*Peter Schwabe, Inc.*, No. 22-CV-1299, 2024 U.S. Dist. LEXIS 33140, at *2 (E.D. Wis. Feb. 27, 2024) (citing *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "[C]ourts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Id.* (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988)).

A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The court previously found that good cause did not exist to shorten the discovery period. This is not a situation where the decision was clearly erroneous; despite Groskreutz's contention that the "core factual dispute has long been known to the parties" (ECF No. 35 at 1), the scheduling order originally entered is reasonable and not unusual. Agropur indicated its intent to take at least seven additional depositions, and the summary judgment deadline is set within a year from the time of service. The court did not commit a manifest error of law in denying his motion to amend. *See Reinoehl v. CDC*, No. 3:21-CV-608-DRL-MGG, 2021 U.S. Dist. LEXIS 258659, at *4 (N.D. Ind. Nov. 4, 2021) ("District courts have extremely broad discretion in controlling discovery, . . . which includes managing the timing, extent, frequency, and manner of discovery"); s*ee also Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008) (noting that district courts have broad discretion to manage their caseloads and the docket of each case).

3

### III. Motion for Sanctions

Groskreutz asks the court to impose sanctions on Agropur under Federal Rule of Civil Procedure 26(g). (ECF No. 41 at 3.) Rule 26(g)(1) requires every discovery response be signed and certified that the answer, "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" is complete, consistent with the rules, not offered for any improper purpose, and not unreasonable or unduly burdensome. Fed. R. Civ. P. 26(g)(1). If the certification violates this rule without substantial justification, the court must impose an appropriate sanction. Fed. R. Civ. P. 26(g)(3). Whether a failure to comply with Rule 26(a) is substantially justified is left to the broad discretion of the district court. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011).

Groskreutz does not develop any argument specific to imposing sanctions. It is unclear to the court if he feels sanctions should be imposed because defense counsel stated at the hearing that "we had all agreed" to the schedule (ECF No. 40 at 3), or if he feels defense counsel has violated a tenant of Rule 26(g)(1) in exchanging discovery. If the former, sanctions under Rule 26(g) would be inapplicable and inappropriate. *See, e.g., Taylor v. Cook Cty. Sheriff's Office*, No. 13 C 1856, 2018 U.S. Dist. LEXIS 146741, at *11 (N.D. Ill. Aug. 28, 2018) (explaining that the court should consider the extent of prejudice to the aggrieved party and the ability to cure the prejudice). If the latter, Groskreutz "provide[s] little in the way of substantive support for an award under Rule 26(g)." *Noe v. Smart Mortg. Ctrs., Inc.*, No. 21 C 1668, 2023 LX 59069, at *20 (N.D. Ill. Aug. 11, 2023). Imposing sanctions under the court's

4

inherent authority is duly inappropriate; there is no indication the Agropur has willfully abused the judicial process or otherwise conducted litigation in bad faith. *See Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) (quoting *Tucker v. Williams*, 682 F.3d 654, 661-62 (7th Cir. 2012)). Accordingly,

**IT IS THEREFORE ORDERED** that Groskreutz's motion will be **GRANTED IN PART** and **DENIED IN PART.** Groskreutz's request to correct the record will be **GRANTED** to the limited extent that this order clarifies he did not agree to the deadlines set out in the scheduling order. Groskreutz's motion for reconsideration and motion for sanctions, however, are **DENIED**.

Dated at Green Bay, Wisconsin this 21st day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge