# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH EDWARD GROSKREUTZ, JR.,**

　　　　　**Plaintiff,**

　　**v.**　　　　　　　　　　　　**Case No. 25-CV-1153**

**AGROPUR, INC.,**

　　　　　**Defendant.**

## DECISION AND ORDER

Agropur, Inc. served Kenneth Groskreutz with notice that he was to appear at a deposition at defense counsel's office on June 18, 2026. Groskreutz now seeks a protective order requiring Agropur's deposition be conducted by remote video conference instead. (ECF No. 59 at 1.) In the alternative, Groskreutz asks the court to order that the deposition occur at "a neutral location" with "no off-record questioning, lecturing, or argument"; "reasonable breaks"; and permission for Groskreutz to make his own personal audio recording. (ECF No. 59 at 1.) Agropur opposes Groskreutz's motion and asks the court to order Groskreutz to pay the costs and fees incurred in filing its opposition. (ECF No. 60 at 10.)

The party noticing a deposition has the privilege of choosing the time and place of the deposition. Fed. R. Civ. P. 30(b)(1); *Chaudhuri v. IBM*, No. 18-cv-508-pp, 2020 U.S. Dist. LEXIS 15290, at *10 (E.D. Wis. Jan. 30, 2020). Deposition by remote means is the

exception and is permitted only on the stipulation of the parties or with approval of the court. Fed. R. Civ. P. 30(b)(4); *Simoni v. United Airlines, Inc.*, No. 21-cv-1267, 2023 U.S. Dist. LEXIS 251620, at *3 (N.D. Ill. Aug. 25, 2023).

"Courts in this circuit and elsewhere 'disfavor remote depositions and generally allow them only if the deposed party shows that it would suffer undue hardship in attending the deposition.'" *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *3 (quoting *United States SEC & Exch. Comm'n v. Skerry*, 2019 U.S. Dist. LEXIS 2357, 2019 WL 117607, at *2 (N.D. Ind. Jan. 7, 2019)). "Whether a court should deviate from the default rule and allow remote depositions depends on balancing various factors, including the deponent's circumstances, the potential hardships of in-person depositions, and the availability of alternative methods such as remote depositions." *Crutchfield v. Experian Info. Sols., Inc.*, No. 25 CV 5697, 2025 U.S. Dist. LEXIS 442625, at *3 (N.D. Ill. Oct. 16, 2025).

There must be good reason to deviate from the norm of conducting depositions in-person. *Crutchfield*, 2025 U.S. Dist. LEXIS 442625, at *6. Here, Groskreutz requests to be deposed remotely to ensure that "the deposition can be completed with an accurate record and without unnecessary confrontation at defense counsel's office." (ECF No. 59 at 3.) He leans heavily on the fact that Agropur has not identified a need to have the deposition in person rather than further support his request or assert other reasons. (ECF No. 59 at 2-3.)

Remote depositions are not uncommon. But remote means are much more likely to be used to depose secondary witnesses or when the distances or burdens on

travel are significant. Counsel will routinely—and understandably—demand to conduct depositions of principal witnesses in person. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *6 ("Rule 30(a)(1) specifically permits the requesting party to depose an individual, especially a party litigant as in this case, in person if they prefer.")

There are tangible benefits to taking a deposition in person. A remote deposition deprives counsel of the ability to view the witness's complete body language, which many attorneys consider essential to being able to effectively question a witness. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *4-5 ("in terms of the truthseeking function of a deposition, a remote video deposition is not a substitute for the in-person, face-to-face confrontation between adversaries") (quoting *Eletson Holdings Inc. v. Levona Holdings Ltd.*, No. 23 CV 7331, 2025 U.S. Dist. LEXIS 135820, 2025 WL 1950728, at *2 (S.D.N.Y. July 16, 2025)); *see also Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4. In a remote deposition counsel can never be sure what other materials a witness may be consulting or who might be just off-screen coaching an answer. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *4-5; *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4. Exchanging, viewing, and marking documents is also often difficult. *See Crutchfield*, 2025 U.S. Dist. LEXIS 204140, at *4-5; *Simoni*, 2023 U.S. Dist. LEXIS 251620, at *4.

Groskreutz's only apparent reason to be deposed remotely is to ensure civility and avoid confrontation between the parties. But the record does not reflect a reason for the court to presume that Agropur will act in bad faith or in a manner that

unreasonably annoys, embarrasses, or oppresses Groskreutz. *See* Fed. R. Civ. P. 30(d)(3). Absent demonstrated good cause, ensuring civility does not warrant deviating from the norm of in-person depositions. For one, the court already expects the parties to remain civil and professional with one another, no matter the forum in which they interact. *See, e.g., Johnson v. Statewide Investigative Servs.*, No. 20 C 1514, 2021 U.S. Dist. LEXIS 40284, at *17 (N.D. Ill. Mar. 4, 2021) (explaining that whether an in-person or remote deposition, the parties "are expected to cooperate and be courteous and respectful to each other"). Beyond the court's expectations, the Federal Rules of Civil Procedure and the Seventh Circuit demand that same decency and respect. *See* Fed. R. Civ. P. 30(d)(3) advisory committee's note (1993 Amendment) ("In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer"); *see also Redwood v. Dobson*, 476 F.3d 462, 469-70 (7th Cir. 2007) ("Rules of legal procedure are designed to defuse, or at least channel into set forms, the heated feelings that accompany much litigation. Because depositions take place in law offices rather than courtrooms, adherence to professional standards is vital…"); *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 946 (7th Cir. 1997) ("civility in litigation is extremely important to the practice of law in this Circuit and in all other courtrooms").

Groskreutz has not demonstrated good cause to justify issuance of a protective order here. Nor should the court have to issue a preemptive protective order for the parties to generally conduct themselves with courtesy and civility in the upcoming deposition. *See Montgomery v. Lake Station*, No. 2:02 CV 209, 2005 U.S. Dist. LEXIS

4

56621, at *9 (N.D. Ind. Sep. 28, 2005) (explaining that it is incumbent "for both sides to maintain their professional demeanor in all aspects of the litigation, however contentiously or emotionally the facts of the case are disputed."). Groskreutz has not put forth any other reason to deviate from the standard practice of in-person depositions. Accordingly, Groskreutz's request to be deposed remotely will be denied.

The court will also deny Groskreutz's request for "reasonable safeguards" at the deposition. The things Groskreutz seeks—a neutral location, all substantive communication on the record, reasonable breaks—are both unnecessary and would likely only open the door for more dissension between the parties. Existing rules already provide adequate protection against improper conduct during depositions. *See* Fed. R. Civ. P. 30.

Groskreutz is not, however, prohibited from recording the deposition for personal use. *Cordero v. Olson Assocs. P.C.*, No. 2:23-cv-00756, 2025 U.S. Dist. LEXIS 51827, at *6 (D. Utah May 19, 2025) (explaining that "the vast majority of courts agree the rules require only that a qualified officer create the official, admissible deposition recording or transcript—nothing prohibits counsel from separately recording depositions for personal use, such as trial preparation"). But he must first provide adequate notice to Agropur of his intent to do so pursuant to Rule 30(b)(3). *See Cordero*, 2025 U.S. Dist. LEXIS 51827, at *8 ("courts universally agree this notice requirement applies to both official and personal-use recording").

Any recording Groskreutz makes will be for personal use only; it will not be admissible evidence or seen as equivalent to the certified record. *Alcorn v. City of*

*Chi.*, 336 F.R.D. 440, 443 (N.D. Ill. 2020) ("Nothing in Rule 30 allows a party to engage in a secondary recording or transcription of a deposition, and treat that recording as the equivalent of a certified deposition."). Should Groskreutz choose to personally record the deposition, he does so with the understanding that it will not be considered as a "backup" for him to present to the court down the road.

Finally, the court will decline to award attorney fees to Agropur. Rule 26(c)(3) provides that the "loser pays" provision of Rule 37(a)(5) applies to motions for protective orders. But the court has broad discretion to avoid fee-shifting when the losing party's position was "substantially justified" or "other circumstances make an award of expenses unjust." *Browne v. Equifax Info. Servs. LLC*, No. 4:23-cv-64-GSL-AZ, 2024 U.S. Dist. LEXIS 175555, at *7 (N.D. Ind. Sep. 27, 2024) (citing Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii)). Here, the court finds that it would be unjust to require Groskreutz to pay the expenses incurred by Agropur in opposing Groskreutz's motion. Grozkreutz is proceeding pro se, and all previous court appearances and interactions with Agropur have occurred remotely. Although the court did not find Groskreutz's argument persuasive, his was not unjustified in bringing his request. Accordingly,

**IT IS THEREFORE ORDERED** that Kenneth Groskreutz's motion for a protective order (ECF No. 59) is **DENIED**. Groskreutz is ordered to appear in person at defense counsel's office for his deposition on June 18, 2026.

Dated at Green Bay, Wisconsin this 11th day of June, 2026.

BYRON B. CONWAY
U.S. District Judge