# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KENNETH EDWARD GROSKREUTZ, JR.,**

   **Plaintiff,**

  **v.**         **Case No. 25-CV-1153**

**AGROPUR, INC.,**

   **Defendant.**

---

## DECISION AND ORDER

---

Kenneth Groskreutz, proceeding pro se, has filed a motion to compel Agropur, Inc. to provide complete supplemental discovery responses. (ECF No. 38.) Following an initial exchange of discovery, it appears that Groskreutz served Agropur with at least nine supplemental sets of interrogatories and requests for production. (ECF No. 38-1.) Agropur objected to every interrogatory and RFP across all supplemental sets submitted to the court. (ECF No. 38-2.) Groskreutz seeks a court order compelling Agropur to provide complete responses for all supplemental discovery served, produce all responsive nonprivileged documents, and identify by "Bates-number" the documents that Agropur contends to have already produced. (ECF No. 38 at 1.)

Agropur's apparent refusal to identify which documents were already produced prompted Groskreutz to file a subsequent motion that seeks to enforce compliance with Federal Rule of Civil Procedure 34. (ECF No. 55.) Groskreutz further asks the

court to order Agropur to state, request by request, whether responsive material exists, was previously produced with a specific citation to the responsive material, does not exist after a reasonable search, or is being withheld based on objection. (ECF No. 57 at 2.) The court will resolve both motions in the order set forth below.

## I.       Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A motion to compel may be filed when the opposing party fails to respond to a discovery request or when its response is insufficient. Fed. R. Civ. P. 37(a). "[D]istrict judges have broad discretion over discovery matters, including the appropriate scope of discovery. *Brown v. Montgomery*, No. 25-1220, 2025 LX 593213, at *5 (7th Cir. Dec. 18, 2025) (citing *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025)).

## II.      Analysis

The central contention between the parties—so much so that Groskreutz filed a second motion on this point—is whether Agropur's responses are compliant with the Federal Rules of Civil Procedure and the court's scheduling order. Agropur objected to every RFP and interrogatory in the supplemental discovery seen by the court, largely claiming that the discovery sought was overbroad, unduly burdensome, privileged, or duplicative. The parties appear to have gone back and forth on this issue, with Groskreutz demanding complete responses and Agropur refusing to

2

answer by claiming that Groskreutz was serving interrogatories in excess of the federal limit. (ECF No. 55-3.)

The court does not have a complete picture of the communications and discovery exchanged; the first set of discovery—which the court assumes Agropur responded to more completely—was not submitted, and briefing refers to supplemental responses that may have been revised and exchanged after the first motion was filed. (ECF No. 56 at 3). Nonetheless, Groskreutz maintains that Agropur is refusing to provide responsive information and is being evasive about whether all responsive materials have been produced. Agropur contends that its objections were appropriate and argues broadly that the discovery Groskreutz seeks is not relevant nor proportional to the needs of the case. (ECF No. 56 at 1-3.)

### a. Relevance

"Relevant to any party's claim or defense is a 'very broad' standard." *Gardner Denver, Inc. v. Air Pac. Compressors, Inc.*, No. 20-CV-895, 2021 U.S. Dist. LEXIS 240720, at *3 (E.D. Wis. Sep. 21, 2021) (citing 8 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (3d ed. 2021)). But the scope of discovery also has its limits. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). The party compelling discovery bears the initial burden of establishing relevancy. *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-cv-02436, 2019 U.S. Dist. LEXIS 198880, at *4 (N.D. Ill. Nov. 15, 2019) (citing *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)). If the discovery appears relevant, the objecting party bears the burden of showing why the request is improper. *Share Corp.*

*v. Momar Inc.*, No. 10-CV-109, 2011 U.S. Dist. LEXIS 70738, at *7 (E.D. Wis. June 29, 2011) (citations omitted). In considering relevancy, the court must further weigh proportionality—specifically, "whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

In his initial motion, Groskreutz asks the court to compel Agropur to supplement its responses. (ECF No. 38 at 1.) Because he does not identify specific requests, the court assumes Groskreutz seeks an order compelling supplemental responses to every set submitted to the court. But Groskreutz does little to explain why all of his expansive discovery requests are relevant to the claims in this case. Rather, his initial motion solely focuses on identifying the ways in which Agropur's responses did not comply with the Federal Rules of Civil Procedure and the court's scheduling order. (ECF No. 38 at 2.) He does not explicitly touch on relevancy until his reply brief. (ECF No. 57 at 2.)

On the other hand, Agropur lays no foundation for its broad objection that production would be unduly burdensome. A party that objects based on burdensomeness is commonly required to make a specific showing of that burden; this could include estimating the number of documents it would be required to produce, the number of hours required to review, and likely expense of compiling the production. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011) (collecting cases); *see also Human Rights Def. Ctr. v. Jeffreys, No. 18 C 1136, 2022 U.S. Dist. LEXIS 171469, at *12 (N.D. Ill. Sep. 22, 2022)* (rejecting defendants' burden objection where they did "not offer any specifics or even an estimate of the

burden involved in producing discovery"). Agropur merely asserts that the discovery requested "would take the defense a significant amount of time to recover." (ECF No. 56 at 1.)

It is likely that both parties are partially correct. It stands to reason that there is relevant information in the broad categories of discovery sought; it is also "hard to believe that each and every document or agreement is discoverable, and that is what Defendant is seeking." *RBG Plastic, LLC v. Sparkles Gift & Party Shop, Inc.*, No. 24 C 2155, 2025 LX 218231, at *13 (N.D. Ill. July 8, 2025). It is also not clear from the record which disputes remain outstanding. Neither party makes an adequate showing for the court to adjudicate discoverability broadly or request-by-request. *Id* at *15 ("while these requests may include within their scope relevant documents whose production would be proportional to the needs of the case, the Court cannot make those determinations based on the parties' briefing"); *see also Johnson v. Soo Line R.R. Co.,* No. 17 C 7828, 2019 U.S. Dist. LEXIS 146051, at *11, 124 A.F.T.R.2d (RIA) 2019-5650 (N.D. Ill. Aug. 27, 2019) (noting that discoverability "is neither 'obvious' nor 'self-evident' because the proportionality analysis under Rule 26(b)(1) must figure into the equation."). Making a categorical relevance ruling on the inadequate record before the court risks issues arising at a later stage.

Accordingly, Grosskreutz's motion is denied with respect to broadly compelling Agropur to serve supplemental responses across all sets of discovery. *See, e.g., Williamson v. Herzing Univ.,* No. 25-CV-497-JPS, 2025 LX 403709, at *2 (E.D. Wis. Oct. 27, 2025) (denying motion where movant failed "to identify which specific

5

discovery requests he seeks to compel and does not argue why each request at issue is relevant and proportional to the claims and defenses in this case"). This does not mean that Agropur can continue to assert vague and global objections in its responses, however; as discussed below, Groskreutz is not unreasonable in highlighting the procedural deficiencies in Agropur's original supplemental responses.

### b. Withholding Material

The party requesting production is entitled to know if an objection resulted in responsive material being withheld; Groskreutz is correct that an objecting party *must* indicate if it is withholding material on the basis of the objection. *See* Fed. R. Civ. P. 34(b)(2)(C). The court's scheduling order similarly requires that an objecting response should "indicate whether some or all of the requested information or documents are NOT being produced on the basis on an objection." (ECF No. 26 at 2.) Here, despite objecting to every supplemental request served, Agropur did not once state that responsive materials were being withheld. Accordingly, if Agropur is withholding some or all responsive material on the basis of an objection, it must amend its responses to state so. Fed. R. Civ. P. 34(b)(2)(C). If Agropur withholds material on the grounds that the request is genuinely overbroad or not relevant, "it must at a minimum articulate generally categories or types of documents it is not producing based on its objections." *Gardner Denver, Inc.*, 2021 U.S. Dist. LEXIS 240720, at *7. That being said, Agropur is under no obligation to affirmatively state that it is *not* withholding material; the obligation only exists in the event that

responsive material is being withheld. *See Estate of Swayzer v. Clarke*, No. 16-CV-1703, 2017 U.S. Dist. LEXIS 203170, at *8 (E.D. Wis. Dec. 11, 2017); *Crabtree v. Angie's List, Inc.*, No. 1:16-cv-00877-SEB-MJD, 2017 U.S. Dist. LEXIS 12927, at *10 (S.D. Ind. Jan. 31, 2017).

### c. "Already Produced"

Groskreutz takes further issue with Agropur's repeated contention that the information sought was already produced—and particularly with Agropur's repeated reliance on a vague citation to "See Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents." (ECF No. 38-2 at 10.) Rule 34(b)(2)(E) proscribes rules for production of documents and electronically stored information. The responsive party generally must produce documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E)(i). Unless otherwise specified, electronically stored information must be produced in the form it is ordinarily maintained or one that is reasonably usable. Fed. R. Civ. P. 34(b)(2)(E)(ii). The court has not seen Agropur's first set of responses, and there is no indication from either side as to how Agropur produced the material and whether its production complied with Rule 34. Thus, the court cannot determine if Agropur served responses in a way that would render Groskreutz's specificity request unreasonable. Agropur does not explicitly address this issue in its briefing.

Consequently, where Agropur contends that responsive materials were previously produced, it must identify those materials with sufficient particularity for

Groskreutz to locate them in the existing production—whether by Bates number, by document description, or by some other means that makes clear what previously produced material is responsive to the request. *Lloyd v. Whirlpool Corp.,* No. 19 C 6225, 2020 U.S. Dist. LEXIS 247554, at \*23 (N.D. Ill. Oct. 27, 2020) (ordering a supplemental response where defendant originally directed plaintiff to "see response to Request No. 10"); *see also BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2025 LX 506458, at \*37 (N.D. Ill. Nov. 10, 2025) ("If Prime has already performed the requested search and produced relevant documents, it should identify them to Walgreens.").

### d. Privilege

Agropur indicates in its response that it "has withdrawn its objections to certain requests for production of documents based upon privilege." (ECF No. 56 at 3.) The court is not privy to "the modification of those objections which the defense has given to the plaintiff." (ECF No. 56 at 3.) But "simply objecting on the ground of privilege is insufficient." *Hausman v. Green*, No. 20-cv-3276, 2022 U.S. Dist. LEXIS 249702, at \*10 (C.D. Ill. Dec. 12, 2022). To the extent Agropur maintains objections on the basis of privilege, it must supplement its responses to expressly claim the privilege and describe the nature of the production being withheld in a manner that will enable Groskreutz to assess the privilege claim. Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

### e. Interrogatory Limit

In briefing, Agropur broadly objects to Groskreutz's discovery requests on the ground that Groskreutz already exceeded his allotted interrogatory limit. *See* Fed. R.

8

Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."). Neither party, however, included a copy of the initial interrogatories served. The court will not compel Agropur to answer any interrogatories genuinely in excess of the federal limit. But it also will not consider Agropur's objection on this ground absent a record to evaluate whether or not the interrogatory limit has actually been exceeded. *See, e.g.,* United States v. Peters, No. 22-cv-621, 2023 U.S. Dist. LEXIS 171301, at *10 (E.D. Wis. Sep. 26, 2023) (denying motion in part where defendants "did not provide the court with specific information about the deficiencies they allege in the discovery they have received").

## III. Fees

Given that neither party was entirely right in their positions, an award of fees would be inappropriate. Each party shall bear its own costs incurred in bringing and resisting the motions.

## IV. Conclusion

It seems that discovery thus far has led to the exchange of more discourteous emails than relevant material. The court expects that Agropur's clarified production positions will resolve many of the outstanding disputes, and once again encourages the parties to meaningfully engage in a productive exchange of relevant discovery. If either party feels that a motion to compel must be renewed, **the parties must together compile a clear and concise list of the specific discovery requests that remain in dispute.** The party seeking the information must explicitly explain

its relevance **request by reques**t. The party opposing must explicitly explain why **each request** is not relevant or disproportionate. Failure to do so may lead to the court granting the motion in the other party's favor.

The court is reluctant to continue spending valuable judicial resources—as well as both parties'—on these issues. Nevertheless, the court may also order an in-person oral argument for any future discovery motions. Accordingly,

**IT IS THEREFORE ORDERED THAT** Kenneth Groskreutz's Motion to Compel (ECF No. 38) and Motion for Discovery (ECF No. 55) are granted in part and denied in part. Agropur, Inc. shall serve supplemental responses and produce responsive material consistent with this opinion within 21 days of entry of this order.

Dated at Green Bay, Wisconsin this 10th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
