# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH EDWARD GROSKREUTZ, Jr.,**

**Plaintiff,**

**v.** **Case No. 25-CV-1153**

**AGROPUR, INC.,**

**Defendant.**

## ORDER

This matter comes before the court on pro se plaintiff Kenneth Groskreutz's Expedited Motion to Compel Limited Rule 34(a)(2) Inspection. (ECF No. 66.) Groskreutz filed this motion on August 18, 2026, seeking a sixty-minute escorted inspection of portions of defendant Agropur, Inc.'s Weyauwega, Wisconsin facility during which he can photograph specific locations within the facility. *Id.* at 3. Agropur filed a six-page response arguing that Groskreutz's request is not relevant to any claim or defense, fails Federal Rule of Civil Procedure 26(b)(1)'s proportionality requirements, imposes undue burden, and is not reasonably calculated to lead to admissible evidence. (ECF No. 68 at 5.) Although Civil L.R. 7(h) does not permit a reply brief for expedited motions absent leave of court, Groskreutz filed a motion seeking leave to file a two-page reply brief. He correctly notes that Agropur exceeded the three-page limitation prescribed by Civil L.R. 7(h)(2) for responses to expedited

motions. (ECF No. 70 at 1.) In the interest of fairness and to allow the parties equal length to develop their arguments, Groskreutz's motion for leave to file a reply (ECF No. 70) will be **granted** and his proposed reply (ECF No. 70-1) will be considered in ruling on the motion to compel. *See Watford v. Harner*, No. 18-cv-1313-SPM, 2022 U.S. Dist. LEXIS 25410, at *8 (S.D. Ill. Feb. 11, 2022) (citing *Wine & Canvas Dev. LLC v. Weisser*, 2014 U.S. Dist. LEXIS 124398 (S.D. Ind. Apr. 15, 2014)) ("The rule regarding page limitations is imposed to maintain judicial efficiency and to invoke fairness to opposing parties.")

Groskreutz filed an additional motion (ECF No. 75) requesting leave to file supplemental exhibits in support of his motion to compel. However, this motion does more than simply request leave to file the attached exhibits—it also supplements Groskreutz's argument in support of the motion. Permitting a party to make arguments in an ancillary motion that it should have made in its brief allows the party to evade the court's page limits. The court is especially hesitant to allow this having already granted Groskreutz additional pages. *See J.J. Keller & Assocs., Inc. v. Tradex Glob., Inc.*, No. 25-CV-1321, 2026 U.S. Dist. LEXIS 29075, at *25 (E.D. Wis. Feb. 12, 2026). Moreover, the motion largely restates Groskreutz's earlier arguments regarding the relevance of his inspection request, and the supplemental exhibits Groskreutz wishes to file—photographs of a wheeled JBL speaker both with and without an accompanying cell phone used to play music (ECF No. 75-1 at 4, 6) and a photograph of signage posted in Agropur's Weyauwega facility (ECF No. 75-1 at 2)—will not be helpful to the court in evaluating the merits of his motion to compel.

Accordingly, Groskreutz's motion for leave to file supplemental exhibits (ECF No. 75) is **denied**.

### 1. Groskreutz's Motion to Compel

Groskreutz's motion to compel an inspection of Agropur's Weyauwega facility makes five specific requests:

> 1) Within twenty-one days, Agropur shall allow one escorted inspection of up to sixty minutes at a reasonable time it selects.
> 2) Access runs from the east-wall punch clock through the long hall, left turn, and short hall; through either the large automatic door or its adjacent stainless-steel side door; and into the cooler and brine room, including former workstations and conveyors. All other areas are excluded.
> 3) Using his airplane-mode cell phone, Plaintiff may photograph every doorway on both halls; both doors described above; both room entrances; visible cameras along the route and in both rooms; workstations, conveyors, and measured conveyor heights. No audio or video.
> 4) Plaintiff may be photographed wearing his Agropur jacket, same-type smock and PPE, and powered-off digital-pen and microcassette recorders positioned as at work. Nothing will be operated.
> 5) Agropur may inspect or sanitize items and escort Plaintiff. He will obey safety rules; not question employees, touch machinery, or photograph faces, documents, screens, or unrelated operations; may retake images; and provide unaltered copies next business day.
>
> (ECF No. 66 at 3.)

Groskreutz argues that request 4 "is severable," and therefore requests in the alternative that if the court denies that request, it nonetheless grants requests 1–3 as well as 5. (ECF No. 66 at 3.)

### 2. Legal Standard

Federal Rule of Civil Procedure 34(a)(2) permits a party to request entry onto "designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Rule 34(a) provides that such requests must be "within the scope of Rule 26(b)"—in other words, requests for entry onto property to conduct an inspection must be "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A motion to compel may be filed if an opposing party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). "[D]istrict judges have broad discretion over discovery matters, including the appropriate scope of discovery." *Brown v. Montgomery*, No. 25-1220, 2025 U.S. App. LEXIS 33095, at *5 (7th Cir. Dec. 18, 2025) (citing *Beathard v. Lyons*, 129 F.4th 1027, 1036 (7th Cir. 2025)). Accordingly, courts can limit discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(2)).

Courts liberally construe the relevance of a discovery request "'with common sense, rather than in terms of narrow legalism.'" *Gardner Denver, Inc. v. Air Pac. Compressors, Inc.*, No. 20-CV-895, 2021 U.S. Dist. LEXIS 240720, at *3 (E.D. Wis. Sep. 21, 2021) (quoting 8 Charles Allen Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (3d ed. 2021)). "Relevant to any party's claim or defense is a 'very broad' standard." *Id.* The party seeking to compel

discovery bears the initial burden of establishing relevance. *Eternity Mart, Inc. v. Nature's Sources, LLC*, No. 19-cv-02436, 2019 U.S. Dist. LEXIS 198880, at *4 (N.D. Ill. Nov. 15, 2019) (citing *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)). If the discovery appears relevant, the objecting party bears the burden of showing why the request is improper. *Share Corp. v. Momar Inc.*, No. 10-CV-109, 2011 U.S. Dist. LEXIS 70738, at *7 (E.D. Wis. June 29, 2011) (citations omitted).

In addition to relevance, the court must consider whether the discovery is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A variety of factors outlined by Rule 26(b)(1) guide the court's consideration of proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Proportionality, like other concepts, requires a common sense and experiential assessment." *Todd v. Ocwen Loan Servicing Inc.*, No. 2:19-cv-00085-JMS-DLP, 2020 U.S. Dist. LEXIS 52212, at *10 (S.D. Ind. Jan. 30, 2020).

**3. Analysis**

**3.1. Relevance**

Agropur objects to Groskreutz's request for inspection on the grounds that it is not relevant to any claim or defense. (ECF No. 68 at 3.) Groskreutz's amended complaint alleges retaliation, wrongful termination, intentional infliction of emotional distress, and retaliatory discharge. (ECF No. 15 at 4.) Groskreutz points to

Agropur's contentions that he "left his workstation and used recording devices" and that his "termination grounds included being away from the job station and camera use," as well as "Kawatski testimony on devices, photography, GMP, and visitor controls," arguing that "[t]he layout, route, cameras, belt heights, and physical reconstruction bear directly on those allegations and that testimony." (ECF No. 66 at 1.) It is unclear what Groskreutz means by "Kawatski testimony," though he clarifies in his reply that Agropur identified Karla Kawatski and Eric J. Rasmussen as expert witnesses who will testify about food safety risks associated with bringing foreign materials, such as electronics, onto a production floor. (*See* ECF No. 70-1 at 1.)

Construing Groskreutz's explanation of the relevance of his request liberally, obtaining information about the layout of the Agropur facility near his job station might have relevance with respect to whether in fact he was away from his job station as stated in the grounds for termination, and obtaining information about the physical conditions on the production floor might have relevance in helping Groskreutz rebut expert testimony about safety risks posed by foreign materials. Noting again that relevance of discovery is a "very broad" standard, *Gardner Denver*, 2021 U.S. Dist. LEXIS 240720, at *3, it is likely that Groskreutz is able to meet his burden of demonstrating that his request for inspection is relevant to a claim or defense.

**3.2. Proportionality**

Next, the court must evaluate Groskreutz's inspection request in light of Fed. R. Civ. P. 26(b)(1)'s proportionality factors, keeping in mind that Agropur bears the

burden of demonstrating that the request is improper. *Share Corp.*, U.S. Dist LEXIS 70738, at *7.

Agropur focuses its objections to Groskreutz's motion on request 4, arguing that Fed. R. Civ. P. 34(a)(2) authorizes inspections of property possessed or controlled by the responding party, and the clothing and recording equipment that Groskreutz proposes to photograph in request 4 are in his control. (ECF No. 68 at 4.) Agropur characterizes Groskreutz's proposal to photograph this equipment and clothing inside of Agropur's facility as a "staged recreation" intended to "test a speculative alternative explanation" as to how Groskreutz's devices ended up on the production floor in violation of Agropur policy. (ECF No. 68 at 4.) Agropur evaluates the proportionality factors and argues that they favor denying request 4. (ECF No. 68 at 4.) It argues that the parties' relative access to information favors denial, given Groskreutz's access to the clothing and equipment (ECF No. 68 at 4); that the importance of issues at stake favors denial because whether the prohibited devices fell out of Groskreutz's pocket on the production floor, as he alleges and wishes to test, is immaterial to whether he violated company policy by having the devices on the production floor in the first place (ECF No. 68 at 3–4); and that the burden or expense of permitting inspection outweighs its likely benefit (ECF No. 68 at 4).

Agropur is correct that request 4 is not proportional to the needs of this case. Moreover, the request does not comply with Fed. R. Civ. P. 34(a)(2). It does not seek inspection of property within Agropur's possession or control; rather, it seeks to bring property in the possession or control of Groskreutz onto Agropur's property and then

photograph it in a staged setting. It likewise does not "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it"—it instead photographs designated objects brought in from off the property. Fed. R. Civ. P. 34(a)(2). Accordingly, request 4 of Groskreutz's motion to compel is **denied**.

The question remains as to whether the proportionality factors favor granting or denying Groskreutz's remaining requests. Agropur identifies a variety of burdens and expenses associated with the requests, "including coordination of personnel, compliance with safety and sanitation protocols, and potential disruption to ongoing operations," arguing that these burdens "outweigh[] any conceivable benefit." (ECF No. 68 at 4.) Undoubtedly, these are not insignificant burdens to impose on Agropur. However, the court is mindful that "[b]efore restricting discovery, [it] should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court," keeping in mind the strong public policy in favor of the discovery of relevant materials. *Patterson*, 281 F.3d at 681.

As established above, the materials Groskreutz seeks via this inspection—photographs of the Agropur facility where alleged incidents of retaliation and his eventual termination occurred—are relevant. Moreover, Agropur does not provide any specific details as to how Groskreutz's requests will produce the burdens it describes. A party that objects based on burdensomeness is commonly required to make a specific showing of that burden. *See Heraeus Kulzer, GmbH v. Biomet, Inc.*,

633 F.3d 591, 598 (7th Cir. 2011) (collecting cases); *see also Hum. Rts. Def. Ctr. v. Jeffreys*, No. 18 C 1136, 2022 U.S. Dist. LEXIS 171469, at *12 (N.D. Ill. Sep. 22, 2022) (rejecting defendants' burden objection where they did "not offer any specifics or even an estimate of the burden involved in producing discovery"). The burdensomeness objection is further undermined by Agropur's willingness to offer photographs taken by a third party in lieu of Groskreutz's request, as this demonstrates that facility access for the purpose of photographs can be accommodated. (ECF No. 70-1 at 2.) It is also notable that Groskreutz narrowly tailors his request, identifying locations he wishes to photograph with particularity, as well as providing a detailed list of what he may not photograph (faces, documents, screens, unrelated operations). (ECF No. 66 at 3.) He also expresses a willingness to submit to sanitation protocols. (ECF No. 66 at 3.) Finally, where the parties' relative access to information favored denial of request 4, that factor works against Agropur with respect to the remaining requests involving photographs of locations within the facility, as the facility itself is in Agropur's possession and control. In sum, Agropur is unable to demonstrate that Groskreutz's request is not proportional to the needs of the case.

This does not end the court's inquiry. District courts can use their broad discretionary authority to limit discovery that is "obtainable from some other source that is more convenient, less burdensome, or less expensive." *Patterson*, 281 F.3d at 681. Indeed, Rule 26(b)(2)(C) requires the court to limit discovery if its burden or expense will outweigh its likely benefit. *See Madison v. City of Evansville*, No. 3:14-cv-00072-TWP-WGH, 2015 U.S. Dist. LEXIS 53296, at *2–3 (S.D. Ind. Apr. 23, 2015);

*see also* Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court *must* limit the frequency or extent of discovery…if it determines that…the proposed discovery is outside the scope permitted by Rule 26(b)(1)" (emphasis added)). Thus, the court must balance the benefit of the sought inspection to Groskreutz against the burden it will impose on Agropur.

As noted above, Groskreutz points to two relevant bases for his inspection request—he seeks information about the physical layout of the production floor to contest claims that his termination was due in part to being away from his job station, and he seeks information about the physical conditions of the floor to rebut defendant's expert testimony about safety risks arising from foreign materials. (ECF No. 70-1 at 1.) To the extent that information about the production floor would be helpful in contesting his grounds for termination, Groskreutz can obtain this information via a map of the production floor and surrounding areas—indeed a map is more likely to contain relevant information about relative locations and distances between areas of the production floor. And it is unclear exactly how the photographs and measurements Groskreutz seeks will help him to rebut expert testimony about the risks of foreign material contamination. Moreover, to the extent photographs would be helpful to Groskreutz, Groskreutz concedes that Agropur has offered to allow these to be taken by a third party. (ECF No. 66 at 1.) The court will decline to compel the discovery requested given the availability of other discovery that is "more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

Furthermore, the burden imposed on Agropur by this discovery request exceeds the limited benefit of the inspection to Groskreutz's claims. It is true that Agropur has only articulated its burdens in a generalized, nonspecific manner here. Nonetheless, when the benefit of discovery is "infinitesimal," "any burden would be too much." *Buoto v. Guevara*, No. 19-cv-2441, 2021 U.S. Dist. LEXIS 223847, at *11 (N.D. Ill. Nov. 19, 2021). Accordingly, requests 1–3 and 5 of Groskreutz's motion to compel (ECF No. 66) will be **denied**.

**IT IS THEREFORE ORDERED** that Groskreutz's motion for leave to file a reply in support of his motion to compel (ECF No. 70) is **granted**; Groskreutz's motion for leave to file supplemental exhibits (ECF No. 75) is **denied**; and Groskreutz's motion to compel inspection of Agropur's Weyauwega facility under Rule 34(a)(2) (ECF No. 66) is **denied**.

Dated at Green Bay, Wisconsin this 1st day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge